In Error to the Circuit Court of the United States for the District of Massachusetts.

At Law. Action by James Corcoran against the Concord & Montreal Railroad Company to recover damages for personal injuries caused by being thrown from the top of a freight train while in motion. The action was originally brought in the superior court of Middlesex county, and was removed to this court by defendant. At the close of plaintiff's evidence on the question of defendant's liability, the court directed a verdict for defendant, and judgment was entered accordingly. Plaintiff brings error. Affirmed.

Plaintiff's evidence showed that he was riding on top of a freight car without having paid any fare, and that he was ordered to get off by a person carrying a lantern, whom he assumed to be a brakeman; that plaintiff said he would get off if the train were stopped; and that thereupon the alleged brakeman seized him, and threw him off while the train was in rapid motion, thus causing the injuries complained of. No evidence was offered as to the scope of the alleged brakeman's authority.

Jerome F. Manning, for plaintiff in error.
Josiah H. Benton, Jr., for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PER CURIAM. The court is of the opinion that plaintiff should have offered some evidence showing the scope of the alleged brakeman's authority. He failed to do so, and for that reason it is ordered: Judgment of circuit court affirmed.

---

In re ROSENTHAL et al.

(Circuit Court, S. D. New York. June 22, 1893.)

CUSTOMS DUTIES—PEARL COLLAR BUTTONS.

Articles composed of mother-of-pearl, which are known in trade and commerce by the specific name of "pearl collar buttons," and sold at a stipulated price per line button measure, are not dutiable at the rate of 40 per cent. ad valorem, as manufactures of mother-of-pearl, under the provision for such manufactures contained in paragraph 462 (Schedule N) of the tariff act of October 1, 1890, (26 Stat. 602,) but are dutiable at the rate of 2½ cents per line button measure of one-fortieth of one inch per gross, and in addition thereto of 25 per cent. ad valorem, as pearl buttons, under the provision for such buttons contained in paragraph 429 (same schedule) of the same tariff act, (Id. 599.)

At Law. Appeal by Rosenthal and others, importers, from the decision of the board of United States general appraisers. Affirmed.

The firm of J. Rosenthal & Co. imported on November 21, 1890, by the Fulda, from a foreign country, into the United States, at the port of New York, certain articles, invoiced as "pearl collar studs." These articles were

classified for duty as "pearl buttons," under the provision for "pearl and shell buttons, two and one-half cents per line button measure of one-fortieth of one inch per gross, and in addition thereto twenty-five per centum ad valorem," contained in paragraph 429 of the tariff act of October 1, 1890, (26 Stat. 599,) and duty at the rates specified in this provision was exacted thereon by the collector of customs at that port. Against this classification and this exaction the importers duly protested, claiming that these articles were "studs," and not "buttons," and, as they were not otherwise provided for, were therefore dutiable at the rate of 40 per cent. ad valorem, as "manufactures of mother-of-pearl or as manufactures of shell," under the provision for "manufactures of ivory, vegetable ivory, mother-of-pearl, and shell, or of which these substances or either of them is the component material of chief value, not specially provided for in this act," contained in paragraph 462 of the same tariff act, (26 Stat. 602.)

Upon the receipt of this protest the collector, pursuant to section 14 of the customs administrative act of June 10, 1890, (26 Stat. 137,) transmitted the invoice of these articles, and all the papers and exhibits connected therewith, to a board of three United States general appraisers on duty at that port, to examine and decide the case thus submitted. The board of United States general appraisers took evidence, from which it appeared, among other things, that these articles were made of mother-of-pearl; that they were used to fasten collars to shirts by means of button holes; and that at and prior to the date of the passage of the aforesaid tariff act they were bought and sold in trade and commerce of this country under the specific name of "pearl collar buttons," the word "collar," thereof, indicating the use to which they were put; that at those times there were other articles made of mother-of-pearl, and known to such trade and commerce under the specific names of "pearl coat buttons," "pearl shirt buttons," "pearl shoe buttons," etc., the word "coat," "shirt," "shoe," etc., thereof, indicating the uses to which they were respectively put; and that all the above-mentioned articles were then, in such trade and commerce, bought and sold at stipulated prices per line button measure. The board of United States general appraisers, citing the case of Dieckerhoff v. Robertson, 44 Fed. Rep. 160, overruled the protest of the importers, and decided that the aforesaid classification and exaction of the collector were correct. The importers being dissatisfied with the decision of the board of United States general appraisers, applied, pursuant to section 15 of the customs administrative act, to the United States circuit court for this district for a review of the questions of law and fact involved therein.

Curie, Smith & Mackie, (W. Wickham Smith, of counsel,) for importers.

Edward Mitchell, U. S. Atty., and Thomas Greenwood, Asst. U. S. Atty., for collector.

LACOMBE, Circuit Judge, (orally.) I shall affirm the decision of the board of general appraisers.

---

### LEVY et al. v. WAITT et al.

(Circuit Court, D. Massachusetts. July 10, 1893.)

No. 2,829.

TRADE-MARKS — CIGARS — NAME ORIGINATED BY MERCHANT—RIGHT OF MANUFACTURER.

Two classes of labels are recognized by cigar manufacturers, "factory brands" and "customers' brands." The latter are originated by a customer, and used only on goods manufactured for him. A cigar merchant ordered a lot of cigars, of a certain size and quality, under the name