## Buss & Co. *v.* United States (No. 1518).[1]

Metal Buttons.

> Metal is the predominating material in the composition of these buttons and concededly is the component material of chief value in them. To constitute metal buttons under paragraph 151, tariff act of 1913, it is not required that the articles should be exclusively of metal. They are dutiable under that paragraph.

### United States Court of Customs Appeals, May 18, 1915.

Appeal from Board of United States General Appraisers, G. A. 7664 (T. D. 35064).

[Reversed.]

*Walden & Webster* for appellants.

*Bert Hanson,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Robert Hardison,* special attorney, on the brief), for the United States.

Before Montgomery, Smith, Barber, De Vries, and Martin, Judges.

Martin, Judge, delivered the opinion of the court:

The articles now upon appeal are combination collar and cuff buttons having a metal shank and levers, with a base composed of metal covered with celluloid.

Duty was assessed upon the articles at the rate of 40 per cent ad valorem under the provision for "buttons not specially provided for" in paragraph 339, tariff act of 1913.

The importers protested, claiming assessment of the articles at 15 per cent ad valorem under the provision for "metal buttons" in paragraph 151 of the same act.

The protest was submitted to the Board of General Appraisers and was overruled. The importers now appeal.

The following is a copy of paragraphs 151 and 339, tariff act of 1913, thus called into competition, the applicable terms thereof being placed in italics:

151. Belt buckles, trousers buckles, waistcoat buckles, snap fasteners and clasps by whatever name known, any of the foregoing made wholly or in chief value of iron or steel; hooks and eyes, metallic; steel trousers buttons, and *metal buttons;* all the foregoing and parts thereof, not otherwise specially provided for in this section, 15 per centum ad valorem.

339. Buttons of vegetable ivory in sizes thirty-six lines and larger, 35 per centum ad valorem; below thirty-six lines, 45 per centum ad valorem; buttons of shell and pearl in sizes twenty-six lines and larger, 25 per centum ad valorem; below twenty-six lines, 45 per centum ad valorem; agate buttons and shoe buttons, 15 per centum ad valorem; parts of buttons and button molds or blanks, finished or unfinished, *and all collar and cuff buttons and studs composed wholly of bone, mother-of-pearl, ivory, or agate, all the foregoing and buttons not specially provided for in this section, 40 per centum ad valorem.*

It is conceded by both parties that the present articles are "buttons" in the tariff sense, and since the closing provision of paragraph 339, *supra,* is for buttons not specially provided for in the

---

[1] Reported in T. D. 35441 (28 Treas. Dec., 861).

section they would fall within that provision unless elsewhere specially provided for in the act. The question therefore arises whether they are "metal buttons" under paragraph 151 of the act, as claimed by the importers, for if they are such, they would be assessable under that provision because of its greater specificity. The sole question in the case therefore is whether the present buttons are "metal buttons" under paragraph 151, *supra.*

A sample of the articles is before the court and it appears therefrom that the entire button is composed of metal except the base, and that the frame of this is metal covered, however, with a substantial layer of celluloid. Metal is therefore the predominating material in the composition of the button, and is conceded to be the component material of chief value thereof. Upon this state of facts we hold the articles to be "metal buttons" under paragraph 151, dutiable as such at the rate of 15 per cent ad valorem. Pratt & Farmer case, Abstract 1570 (T. D. 25312); Cumner, Jones & Co. case, G. A. 5862 (T. D. 25822); Guggenheim case, Abstract 7794 (T. D. 26670); Mills & Gibb case, Abstract 7953 (T. D. 26694); Rothschild Bros. & Co. case, Abstract 31399 (T. D. 33217); Hesse & Bro. case, Abstract 26061 (T. D. 31757); Rothschild Bros. & Co. case, Abstract 32731 (T. D. 33560); Rothschild Bros. & Co. case, Abstract 33377 (T. D. 33695); Blumenthal & Co. *v.* United States (144 Fed., 384); Blumenthal & Co. *v.* United States (5 Ct. Cust. Appls., 327; T. D. 34529); Hawley & Letzerich *v.* United States (6 Ct. Cust. Appls., 45; T. D. 35322); Hensel, Bruckmann & Lorbacher *v.* United States (6 Ct. Cust. Appls., 162; T. D. 35434).

The Government concedes that certain authorities support the view that the description "buttons composed of metal" would include in a tariff sense such buttons as have metal as their predominant material of chief value. But the Government contends that the description "metal buttons" nevertheless applies only to such buttons as are composed exclusively of metal. Various cases are cited in support of this contention. We do not find, however, that the ordinary usage of the terms in question justifies this distinction, and the cases cited in support thereof do not seem to have been decided upon such a ground. It seems that in the absence of other controlling factors, the descriptions "metal buttons," and "buttons of metal," or "buttons composed of metal," would properly bear the same meaning and might therefore be used interchangeably. It may be noted that paragraph 356, tariff act of 1913, provides for "collar, cuff, and dress buttons, * * * *composed of* metal." That provision, however, applies only to such articles as are valued above 20 cents per dozen pieces, whereas the present articles evidently fall below that value.

In the case of Erhardt, collector, *v.* Ullman *et al.* (51 Fed., 414, Circuit Court of Appeals, Second Circuit), the question involved was whether certain buttons were "*brass buttons.*" At the trial certain witnesses had testified that the terms "brass buttons" had the same meaning in trade as in common usage. Thereupon the witnesses were allowed to testify that in common parlance the term meant buttons made principally of brass. The reviewing court held it to be error to admit testimony concerning the common meaning of the term, since that would be a matter of law, but the court said that the error was "innocuous, both because the definition of the witnesses was precisely that which the court would have given to the jury, and also because the jury were instructed that the defendant was entitled to a verdict unless the importations were not brass buttons according to the commercial meaning of the term."

In the tariff act of August 27, 1894, paragraph 316, duty was imposed upon "pearl and shell buttons, wholly or partially manufactured." Under that provision the Board of General Appraisers held that sleeve and link buttons made of metal and shell, shell being the component material of chief value, were dutiable as shell buttons wholly or partly manufactured. Pratt & Farmer case, *supra.*

It will be observed that in the foregoing two cases the merchandise was described by the controlling paragraph as "brass buttons" and "shell buttons," and not as buttons "composed of" brass or shell. See also *In re* Rosenthal (56 Fed., 1015) in relation to "pearl buttons."

In the corresponding button paragraph of the tariff act of 1897— namely, paragraph 414—provision was made for "buttons of metal" and also for "buttons of glass." In the Blumenthal & Co case, G. A. 5640 (T. D. 25194), the board, speaking by General Appraiser Somerville, said:

Buttons made of glass or metal manifestly means buttons made in chief value of glass or in chief value of metal.

The component material of chief value, however, of the articles then in question was found to be neither metal nor glass. The decision in the case was affirmed upon the opinion of the board by the Circuit Court of Appeals, Second Circuit, Blumenthal & Co. *v.* United States (144 Fed., 384).

Under the same provisions the board in the Guggenheim case, *supra,* held that certain buttons composed in chief value of metal were dutiable as buttons of metal not specially provided for.

Under the same provisions in the Cumner, Jones & Co. case, *supra,* the board held that buttons made of shell, metal, and rhinestone, shell being the component of chief value, were dutiable as buttons of shell.

In the tariff act of August 5, 1909, paragraph 427, duty was imposed upon "buttons of glass" and also upon "buttons of pearl."

Under these provisions the board in the first Rothschild Bros. & Co. case, *supra*, held that buttons of glass inlaid with pearl, glass chief value, were dutiable as buttons of glass. In the second case of Rothschild Bros. & Co., *supra*, the board held that buttons composed of pearl, glass, and metal, the glass being chief value, were dutiable as buttons of glass. In the third Rothschild Bros. & Co. case, *supra*, this holding was repeated under the same act.

In the case of D. S. Hesse & Bros., *supra*, the board held that incomplete collar and cuff buttons composed of metal, imported under the tariff act of 1909, were dutiable as "buttons of metal" under paragraph 427 of the act, rather than as "buttons not specially provided for," which was a separate classification of the same paragraph.

The foregoing decisions not only show a uniform and consistent line of adjudications upon the present subject but they may also claim a certain measure of legislative approval in the successive tariff revisions.

In the recent case of Blumenthal & Co. *v.* United States (5 Ct. Cust. Appls., 327; T. D. 34529) this court, speaking by Judge Barber, said:

The appellants here confine themselves to the claim that the merchandise is dutiable at three-fourths of 1 cent per line per gross, plus 15 per cent ad valorem, as buttons of glass.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Before the Board of General Appraisers they introduced evidence designed to prove that the merchandise was commercially known as "glass buttons." While it is true that on their direct examination the witnesses so testified, yet upon cross-examination it clearly appeared that so far as these witnesses knew there was not in the trade any uniform and definite understanding to that effect, and that the importing firms whom the witnesses represented, as well as other wholesalers of the merchandise, did not generally or uniformly refer to these buttons as "glass buttons." If any distinction can be drawn between the terms "buttons of glass" and "glass buttons" it may be observed that the importers introduced no evidence tending to show that the merchandise was commercially known as "buttons of glass." For the purposes of this case, however, we are not disposed to consider that any such distinction exists.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

But independent of the view we have already expressed as to the merchandise here, we do not think the present case is any exception to the general rule that merchandise made, composed, or manufactured of a specified article is classified with reference to the component material of chief value.

In the foregoing case, however, the buttons in question were found not to be composed in chief value of glass; nevertheless the views above quoted are persuasive upon the present issue. The classification of "buttons of metal" contained in the tariff acts of 1897 and 1909 was changed to "metal buttons" in the tariff act of 1913. However, this change of phraseology effected no change of meaning, for as above stated the two expressions properly bear the

same signification, unless a different interpretation be required by the context or other like controlling factor in the special instance.

In its decision of the present case the board refers to the similitude provisions of paragraph 386 of the act, which provide that if any nonenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable it shall pay the same rate as is chargeable on the article which it resembles paying the highest rate of duty.

The board after this reference says:

The buttons in question so much resemble those provided for in either paragraph 151 or 339 that they might be properly classified under either paragraph were the other not in existence. Under the operation of the principle announced in the clause quoted from paragraph 386 we feel constrained to hold that the collector's classification was correct.

In answer to this view, however, it seems proper to say that the present articles are not nonenumerated in the act, nor can they properly be assessed by similitude, for they come within the enumeration of buttons, which enumeration appears in paragraphs 151 and 339. In such a case the more specific of the two provisions should control.

The claim of the importers for assessment of the present articles as "metal buttons" is sustained also by the history of the successive tariff provisions in relation to buttons. Prior to the tariff act of 1897 there was no *eo nomine* provision for collar buttons in any tariff act; such articles were therefore assessed under the appropriate provisions for buttons according to the component materials thereof. *In re* Rosenthal (56 Fed., 1015). According to this rule collar buttons made of metal, or in chief value of metal, would have been dutiable as buttons of metal. In the tariff act of 1897, however, collar buttons (together with cuff buttons and studs) were segregated *eo nomine* from other buttons, and subjected to a separate rate of duty. (Paragraph 414, act of 1897.) This provision covered all collar and cuff buttons regardless of their component materials, and therefore under the act of 1897 all collar and cuff buttons were dutiable under that *eo nomine* provision of the act. But in the tariff act of 1909, paragraph 427, a change was made in the *eo nomine* provision for collar and cuff buttons, whereby that provision was limited in terms to such only as were composed wholly of bone, mother-of-pearl, or ivory. In paragraph 339, act of 1913, the corresponding provision for collar and cuff buttons was limited to such as are composed wholly of bone, mother-of-pearl, ivory, or agate. Therefore it appears that under the tariff acts of 1909 and 1913 Congress designed to leave all kinds of collar and cuff buttons except those composed of certain specific materials to be classified and assessed the same as had been done prior to the segregation of 1897,

that is, according to their component material or their component material of chief value. This conclusion would make the present articles dutiable under the provision for "buttons of metal" (now "metal buttons"), just as they would have been prior to the tariff act of 1897. *In re* Hague, G. A. 7087 (T. D. 30877); *In re* Hesse, Abstract 26061 (T. D. 31757).

In this view of the case the decision of the board is reversed, and reliquidation is ordered assessing the merchandise at 15 per cent ad valorem as metal buttons under paragraph 151, act of 1913.

*Reversed.*