UNITED STATES *v.* BUSS & CO. (No. 1760).[1]

1. EVIDENCE—COMPETENCY AND SUFFICIENCY OF.

Testimony by a dealer in buttons and not in the materials used in their manufacture, with no testimony tending to show his knowledge of, or familiarity with, the commercial designation of button materials, that certain buttons were "made of a material which is commercially known as agate" falls far short of establishing that the material was definitely, uniformly, and generally, in any wholesale trade dealing therein, known as "agate."

2. AGATE COLLAR BUTTONS.

Collar buttons, known commercially as "agate buttons," though not made of natural agate, are dutiable as "agate buttons," and not as collar buttons composed

---

[1] T. D. 37122 (32 Treas. Dec., 394).

wholly of agate (par. 339, tariff act of 1913). Whether or not they would be dutiable as collar buttons composed wholly of agate, if made of a material which, though not natural agate, was commercially known as agate, is not decided.

3. CLASSIFICATION BY MATERIAL.

It is the general rule that a tariff classification by material refers to the component material of chief value.—Buss & Co. v. United States (6 Ct. Cust. Appls., 192; T. D. 35441).

4. COMBINATION COLLAR AND CUFF BUTTONS, METAL CHIEF VALUE.

Combination collar and cuff buttons composed of a metal shank with a hinged metal top, the back or base of the button being faced with celluloid or bone, the component material of chief value being metal, are dutiable as metal buttons (par. 151, tariff act of 1913), and not as buttons not specially provided for (par. 339).—Buss & Co. v. United States (6 Ct. Cust. Appls., 192; T. D. 35441).

## United States Court of Customs Appeals, April 2, 1917.

APPEAL from Board of United States General Appraisers, Abstract 39992.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Robert Hardison* and *Thomas J. Doherty*, special attorneys, of counsel), for the United States.

*Walden & Webster* (*Henry J. Webster* and *Edw. F. Jordan* of counsel) for appellees.

[Oral argument Feb. 17, 1917, by Mr. Hanson and Mr. Jordan.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph 339 of the tariff act of 1913 provides for "buttons of vegetable ivory, * * * buttons of shell and pearl," at varying rates according to sizes, and for "agate buttons and shoe buttons, 15 per centum ad valorem; * * * and all collar and cuff buttons and studs composed wholly of bone, mother-of-pearl, ivory, or agate, all the foregoing and buttons not specially provided for in this section, 40 per centum ad valorem."

Paragraph 151 of the same act provides for various articles in chief value of iron or steel and for "hooks and eyes, metallic; steel trousers buttons, and metal buttons; all the foregoing and parts thereof, not otherwise specially provided for in this section, 15 per centum ad valorem."

There are two classes of merchandise in this case the classification of which under the above paragraphs is to be determined.

One class consists of collar buttons, commercially known as agate buttons, but not in fact composed in any part thereof, although by the Government claimed to be composed of a substance commercially so called. Just what the component materials are does not clearly appear.

The other class consists of combination collar and cuff buttons composed of a metal shank with a hinged metal top, the back or base of the button being faced with celluloid or bone.

The first class was assessed by the collector as collar buttons composed wholly of agate and the second as buttons not specially

provided for under paragraph 339. Upon hearing the importers' protest so claiming the Board of General Appraisers directed duty to be taken on the buttons of the first class as agate buttons under the first part of paragraph 339, and on those of the second as metal buttons under paragraph 151.

The Government alleges the board erred in its judgment respecting both classes and contends that the collector's classification and assessment were correct.

It appears the paragraph of the tariff act of 1909 (427) corresponding to 339 provided for "buttons known commercially as agate buttons" instead of for "agate buttons" in the first part thereof, while the latter part covered collar and cuff buttons and studs "composed wholly of bone, mother-of-pearl, or ivory," the words "or agate" having been added thereto in paragraph 339.

We think little time need be spent in endeavoring to ascertain the congressional intent in the insertion of the words "or agate" as above indicated. The term "composed wholly of agate" can have but one meaning. No clearer language could have been employed to convey the thought that the material contemplated was agate, and nothing else. Class 1 is not so composed, and therefore was erroneously assessed.

The Government, however, claims that the record shows the buttons of this class to be composed of something that is commercially known as agate, and hence the buttons must be classified as if so in fact composed. We think that question is not before us on this record. It is predicated upon the following evidence: Henry Buss, a witness for the importers, was asked, referring to the buttons, "They are made of a material which is commercially known as agate?" to which he answered, "Yes." It does not appear that the witness was qualified to testify as to commercial designation of the material of which the buttons were made. The record indicates him to be a dealer in buttons, not in the materials used in the manufacture thereof. He gave no other testimony tending to show his knowledge of or familiarity with the commercial designation of button materials, and we think the evidence falls far short of establishing that the material was definitely, uniformly, and generally, in any wholesale trade dealing therein, known as "agate." Were it otherwise, however, it does not follow that it should be held that these buttons are composed wholly of agate within the meaning of the paragraph. See Goldberg et al. *v.* United States (61 Fed., 91), Barber. *v.* Schell (107 U. S., 617).

But the Government further urges that no collar buttons composed wholly of real agate are imported to or subjects of trade or commerce in this country, and several witnesses who had opportunity to know gave testimony tending so to show. If it be so assumed, we doubt

if such fact would warrant us in giving to the language any other than its plain meaning. Congress has seen fit to say certain articles composed *wholly* of bone, mother-of-pearl, ivory, or agate shall pay a certain rate of duty. Fashion, trade exigencies, or manufacturing conditions may not now require or permit merchandising therein, yet the language employed is not ambiguous, and merchandise may at any time be imported that comes within the same. The proof shows that collar buttons can be made from natural agate.

While not classifiable as composed wholly of agate, we think these buttons should be assessed as agate buttons under the earlier part of the paragraph, as held by the board. It is true, as pointed out, that the term "buttons," known commercially as agate buttons in paragraph 427 of the act of 1909, has been in paragraph 339 contracted into "agate buttons," but that does not prevent the classification adopted. By settled rules of construction that term is presumed to be used in its commercial sense, the common and commercial meaning being assumed to be the same unless and until the contrary is shown. Bloomingdale Bros. *v.* United States (3 Ct. Cust. Appls., 204–208; T. D. 32530). The proof in this case clearly shows that the trade dealing in these buttons recognizes them to be agate collar buttons and that a collar button is regarded as a button. No claim is made that they are not buttons. See Buss & Co. *v.* United States (6 Ct. Cust. Appls., 192; T. D. 35441).

The omission of the term "known commercially as" from paragraph 427 may have been the result of a careful revision of the paragraph or because of the understanding that its presence was surplusage; but, however that may be, viewing the paragraph as a whole we see no reason to believe that articles commercially known as agate collar buttons, not composed in fact wholly of agate, are otherwise dutiable than under the first part of the paragraph.

As to the merchandise embraced in the second class, the argument of the Government is, and it so concedes, in effect a reargument of the issue decided in Buss & Co. *v.* United States, supra. We have carefully considered the same and reviewed that case with the result that no error is found therein.

The distinction which the Government seeks to establish between such expressions as "metal buttons" and "buttons of metal," if ever tenable, does not seem warranted here.

Neither do we think, as now argued, that the physical structure of the buttons of the second class involves any difficulty in regarding them as metal buttons within paragraph 151.

The metal part is so predominant as well as being the component material of chief value that they do not come within any exception to the rule so often announced that merchandise made, composed, or

manufactured of a specific article with no words of limitation is *generally* .classified with reference to the component material of chief value.

The judgment of the Board of General Appraisers as to both classes of merchandise is *affirmed.*