59 CCPA

### The UNITED STATES, Appellant,
### v.
### CHARBERJOY DISTRIBUTORS, INC., Appellee.
### Customs Appeal No. 5457.

United States Court of Customs
and Patent Appeals.

Sept. 21, 1972.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Velta A. Melnbrencis, New York City, for the United States.

Barnes, Richardson & Colburn, New York City, attorneys of record for appellee; Earl R. Lidstrom, New York City, of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

LANE, Judge.

This is an appeal from the decision and judgment of the Customs Court on a rehearing of a judgment, the latter reported at 65 Cust.Ct. 459, C.D. 4123 (1970), sustaining appellee's protest against the classification of certain table knives imported from Japan. We affirm.

The material composition of the handles of the imported flatware is at the center of this classification dispute. The knives are of stainless steel, and their handles are of stainless steel and plastic. The stainless steel portion of each handle is continuous along the length of the

handle, whereas the plastic portion appears to be an insert along a portion of one side of the handle. Three different types of knives are involved; two types of serrated edge dessert knives designated style 3 and style 3X, and a serrated edge steak knife designated style 6. Appellee's sole witness at trial, a patent attorney and civil engineer, testified that he had measured the relative areas of stainless steel and plastic in the exposed surface area of each handle. The stainless steel was found to constitute 94.0% of the exposed handle area of the style 3 knife, 45.6% of the exposed handle area of the style 3X knife, and 51.0% of the exposed handle area of the style 6 knife. The witness did not say whether the plastic portion of the handle was hollow or solid, and as noted, his determination in each case was based on the visible surface area of the handle. No evidence was adduced as to other properties or the value of the respective components in their relative proportions of the handle.

The knives were classified as knives "with stainless steel handles" under item 927.53 of the Tariff Schedules of the United States (TSUS) which reads in pertinent part as follows:

Appendix to the Tariff Schedules:

\* \* \* \* \* \*

Part 2. Temporary Modifications Proclaimed Pursuant to Trade-Agreements Legislation

\* \* \* \* \* \*

Subpart A. Escape-Clause Actions

\* \* \* \* \* \*

Knives, forks, and spoons, all
the foregoing valued under
25 cents each, not over
10.2 inches in over-all
length, and with stainless
steel handles (provided for
in items 650.09, 650.11
\* \* \*):

\* \* \* \* \* \*

Other:
927.53 Knives and forks
(items 650.09,
650.11 \* \* \*) . .3¢ each $+$ 67.5% ad val.

Item 927.53 is based on a 1959 Presidential Proclamation in which a quota was imposed on certain flatware "wholly of metal and in chief value of stainless steel," provided for under a then-existing paragraph of the Tariff Act of 1930. When the quota is exceeded, according to the Proclamation, subsequently imported merchandise is to be assessed with duty at a higher rate. This and other temporary "excape-clause actions" or modifications were incorporated into the Appendix of the TSUS. The escape-clause item refers back to the permanent tariff items of the schedules which cover the same goods. In the present case, item 927.53 refers back to items 650.09 and 650.11, among others. However, it is conceded that the knives at issue were imported after the quota was filled, and therefore, if classification under item 927.53 was correct, the higher tariff rate specified in item 927.53 would admittedly apply.

The importer originally claimed that the knives should have been classified under item 650.15 as knives "with rubber or plastic handles." The Customs Court, however, concluded that since the knives had neither stainless steel handles nor plastic handles but stainless steel and plastic handles, both the original classification and the claimed classification were incorrect. The court indicated that item 650.21 providing for "other" knives was the proper classification. It initially overruled the importer's protest, but granted a motion to amend the protest to conform to the court's finding and a petition for rehearing based on the so-amended protest. In a decision on rehearing, the Customs Court sustained the importer's claim to classification under item 650.21. It is from that judgment that the Government appeals.

Items 650.09 and 650.11, to which item 927.53 refers, item 650.15, which appellee originally claimed to be the correct

classification, and item 650.21, which the Customs Court held to be the correct classification, read in relevant part as follows:

```
Schedule 6, Part 3.—Metal Products
    *       *       *       *       *       *       *       *       *       *
    Subpart E.—Tools, Cutlery, Forks and Spoons
    *       *       *       *       *       *       *       *       *       *
Knives not specifically provided for elsewhere in this subpart, and cleavers,
    with or without their handles:
    *       *       *       *       *       *       *       *       *       *
    Knives with their handles:
    *       *       *       *       *       *       *       *       *       *
    With stainless steel handles:
    650.09  With handles not containing nickel and not containing over 10 percent
            by weight of manganese ...................................1¢ each +
                                                                  12.5% ad val.

    650.11  With handles containing nickel or containing over 10 percent by weight
            of manganese .........................................1¢ each +
                                                                  17.5% ad val.

    *       *       *       *       *       *       *       *       *       *
    With rubber or plastic handles:
    650.15  Table, kitchen, and butcher knives ...........................2¢ each +
                                                                  12.5% ad val.

    *       *       *       *       *       *       *       *       *       *
    Other:
    *       *       *       *       *       *       *       *       *       *
    650.21  Other .................................................1¢ each +
                                                                  17.5% ad val.
```

The Customs Court stated:

With respect to identity of merchandise covered by item 927.53 classification, the evidence in this record clearly shows that the imported knives possess handles which are composed in substantial part of a non-metallic material, a plastic. Item 927.53, the temporary provision, and items 650.09 and 650.11, the permanent provisions to which item 927.53 refers, all contain the qualifying phrase "with stainless steel handles." This latter phrase we think is incompatible with a description of a knife "with stainless steel and plastic handle"—the characterization most accurately identifying the knife handles at bar, according to the evidence. And we find nothing in the tariff schedules themselves or in the Tariff Classification Study notes [footnote omitted] which indicates that the language "with stainless steel handles" is to be given any construction other than a literal one. In fact, the juxtaposition of the language "with stainless steel handles"

in part 3E of schedule 6 of the tariff schedules with coordinate provisions for knives with handles composed of other, specifically designated materials, indicates to the contrary. Thus, under the inferior heading "knives with their handles" there are five (5) subdivisions of knives with handles, grouped according to the specific material of which the handle is composed, followed by a sixth or residual grouping designated only as "other." Such arrangement indicates, in our opinion, that Congress intended to classify "knives with their handles" according to the single, specific material of which the handles were composed, or if not so made, then under a residual category.

The Government contends that the phrase "with stainless steel" should not be construed to mean "wholly of" stainless steel, but rather either "in chief value of," or "predominantly," stainless steel. The TSUS does not define "with," and the Government urges that where a provision for an article of a given ma-

terial fails to indicate the extent to which that material must be present, it is sufficient if the material is that of chief value or is predominant. Various cases are cited in support of the proposition, the closest factually to the present case appearing to be Buss & Co. v. United States, 6 Ct.Cust.Appls. 192, T.D. 35441 (1915), wherein the predecessor of this court held the phrase "metal buttons" to include buttons composed of metal but with a base having a layer of celluloid. The court noted that metal was the predominating material and had been conceded to be the component of chief value.

The Government also contends that the holding of the Customs Court increases the scope of the "basket provision," by which the Government means the residual "other" provision of item 650.21. It is asserted that the intent of Congress in enacting the TSUS was to divest the basket provisions of the 1930 Tariff Act of significant classes of goods.

## OPINION

We are of the view that the Customs Court correctly interpreted the statutory language at issue. Considering the phrase "a stainless steel handle" in the context of common, everyday speech, we think that a person hearing the phrase would take it to mean that the handle is composed solely of the named material except, perhaps, for insignificant or negligible quantities of other materials, and would not expect to find substantial portions of other materials. The interpretations proposed by the Government, "in chief value of" and "predominantly," admit of significant amounts of other materials and do not comport with what we agree with the Customs Court to be a "literal construction" of the phrase. Failing to find any reason for applying a broader construction, the court below adopted the literal one.

We also see no reason to apply a different interpretation. We do not agree with the Government that this construction expands the scope of the residual category in contravention of legislative intent. We find no evidence of an intent to limit the scope of the residual category involved here. All the items of Schedule 6, Part 3, Subpart E at issue relate to knives "not specifically provided for elsewhere in this subpart," and thus it appears that these items *together* constitute the "basket" provisions. Finally, Congress adopted the words used in these items, not the Customs Court, and we think that the interpretations given them by the court below comports with their plain meanings.

We do not think that the *Buss* case, supra, stands for the general proposition that the phrase "a [material] [object]" means that the material need only be the predominant material or component of chief value in the object. In *Buss*, it appears that there had been a change in the language of the provision with the passage of the tariff act governing the case. The court could find no basis for concluding that buttons included under the former language, "buttons of metal," were intended to be excluded under the subsequent language, "metal buttons," and held that the two phrases were of the same scope. The *Buss* opinion indicates that there was additional evidence of legislative intent to include the imported goods in the provision for "metal buttons." Therefore, while that case may have rested on facts amenable to the result reached therein, we are unwilling to extract from it a rule of general applicability.

Looking to the knives involved in this appeal, we do not think it can be fairly said that they have stainless steel handles; nor do they have plastic handles. We agree with the Customs Court that the residual item, 650.21 TSUS, is the proper classification. The judgment below is accordingly affirmed. This disposition of the appeal renders consideration of certain alternative arguments advanced by appellee with respect to the legality of item 927.53 unnecessary.

Affirmed.