**ATKINS KROLL & CO., LTD.,***
**Plaintiff,**

v.

**UNITED STATES, Defendant.**

**C.D. 4821; Consolidated Court
No. R65/10806.**

United States Customs Court.

Sept. 10, 1979.

Glad, Tuttle & White, Los Angeles, Cal.
(Steven W. Baker, Los Angeles, Cal., at the
trial; George R. Tuttle, Los Angeles, Cal.,
on the briefs), for plaintiff.

Alice Daniel, Acting Asst. Atty. Gen.,
David M. Cohen, Director, Commercial Litigation Branch, Washington, D. C. (Velta A.
Melnbrencis, New York City, at the trial
and on the brief), for defendant.

RICHARDSON, Judge:

The merchandise in this consolidated action consists of carbon steel bars and bars-shapes manufactured in and exported from
Canada between August, 1963, and March,
1964, and appraised upon entry at Sumas,
Washington, on the basis of export value as
defined in 19 U.S.C.A., section 1401a(b)
(section 402(b), Tariff Act of 1930, as
amended), as determined in accordance with
19 U.S.C.A., section 160, *et seq.* (section 201,
*et seq.*, Antidumping Act of 1921, as
amended). The issue in the case relates to
the imposition of dumping duties, no question having been presented concerning the
underlying appraisement of the merchandise.

The record shows that on May 28, 1964,
the Secretary of the Treasury determined,
pursuant to proceedings instituted under
the Antidumping Act, that carbon steel
bars, bars-shapes under 3 inches, and structural shapes 3 inches and over, manufactured by Western Canada Steel Limited
and/or its subsidiary, Vancouver Rolling
Mills Limited of Vancouver, Canada, were
being, or were likely to be, sold at less than
fair value ("LTFV") within the meaning of
section 160(a) (29 Fed.Reg. 7294, exhibit 2),
and advised the United States Tariff Commission ("Commission") accordingly; that
on September 1, 1964, the Commission determined that an industry in the United
States was being injured by reason of the
importation into the United States of carbon steel bars, bars-shapes under 3 inches,
and structural shapes 3 inches and over,
manufactured by Western Canada Steel
Limited and/or its subsidiary, Vancouver
Rolling Mills Limited of Vancouver, Canada, and sold at LTFV within the meaning
of the Antidumping Act (29 Fed.Reg. 12599,
exhibit 4); and that on September 25, 1964,

---

* Also referred to as Atkins Kroll & Co., Inc. by the parties.

a "finding of dumping" was published pursuant to section 160(a) on behalf of the Secretary of the Treasury (29 Fed.Reg. 13319, exhibit 5).

The present action results from an adverse determination rendered by the appropriate customs official against plaintiff's administrative reappraisement appeals filed subsequent to appraisement of the involved merchandise "subject to dumping" as mandated by the dumping finding. Issue was raised under the pleadings both as to the Secretary's LTFV determination and as to the Commission's injury determination on a number of grounds. However, at the trial plaintiff abandoned all but one of its contentions directed to the Secretary's LTFV determination; and, as to this phase of the case, elected to submit its case against the Secretary's LTFV determination on the basis of a portion of the administrative record on the sole issue under 19 C.F.R., section 14.7(b)(8) as to whether the quantity of merchandise involved in sales to the United States was more than *insignificant* (so as to abort a LTFV determination).

At the trial plaintiff did not explicitly address itself to the remaining pleading issues relating to the Commission's injury determination. Neither has it done so in its brief filed subsequent to trial. And the record before the court as to this phase of the case consists only of a transcript of oral testimony (exhibit 3) given at a public hearing held before the Commission on July 27, 1964, that does not include exhibits placed in evidence there, as well as the Commission's determination of injury with accompanying statements of supporting and dissenting views of the commissioners (exhibit 4). A tedious reading of the substantially illegible 198-page hearing transcript discloses a subject matter content not as inclusive as that embraced by and dealt with in the written views of the commissioners accompanying the injury determination.

With respect to plaintiff's brief, it is to be noted that it does not address itself to the LTFV quantity issue asserted at the trial under 19 C.F.R., section 14.7(b)(8) as expected. Instead, plaintiff's brief deals exclusively with LTFV issues which plaintiff expressly abandoned at the trial. Counsel undertakes to justify this reversal of posture by asserting that counsel had never announced his intention to abandon these LTFV issues (reply brief, p. 2).

Such an assertion finds no support in the record. The record shows that with respect to these LTFV issues plaintiff's counsel responded to the court's prompting by stating (R. 3):

MR. BAKER: This is a separate Complaint, your Honor. *The abandonment of these issues does parallel precisely those of the other case.* They are the same paragraph allegations made in the Atkins Kroll Complaint as was made in the Border Brokerage Complaint. [Emphasis added.]

There simply isn't any room for a construction of counsel's statement as meaning anything other than the abandonment of these LTFV issues in conformity to the posture counsel had earlier taken in abandoning identical issues in the companion case entitled *Border Brokerage Co., Inc. v. United States*, 484 F.Supp. 901, the trial of which immediately preceded trial in the instant case following an unsuccessful attempt on counsel's part to consolidate the two cases. And counsel's subsequent posture in argument before the court in this case is consistent with the abandonment of all LTFV issues except the issue of quantity as framed in paragraph 11 of the complaint under the court's ruling in *Border Brokerage* as to the scope of the *de minimis* issue (R. 5–6).

What the case comes down to, then, is plaintiff's abandonment and failure to follow through on the sole LTFV issue it presented to the court, and its abandonment both by deed as well as by words of the remaining issues in the case dealing with the LTFV and injury determinations, the *regularity* of which determinations are presumed in the absence of evidence to the contrary. See *Norwegian Nitrogen Products Co. v. United States*, 20 CCPA 27, 38, T.D. 45674 (1932), aff'd, 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796 (1933). Consequent-

ly, on this record the court fully agrees with defendant that the questions raised in plaintiff's 126-page brief are not properly before the court for determination. *Cf. Charberjoy Distributors, Inc. v. United States,* 65 Cust.Ct. 459, 462, C.D. 4123 (1970), *aff'd on other grounds,* 59 CCPA 207, C.A.D. 1068, 465 F.2d 922 (1972). And, in view of the 14-year lifespan of the instant case in which plaintiff has been afforded ample opportunity to develop a plenary record for meaningful judicial review of the challenged administrative determinations, the court is constrained to and does dismiss this action for failure of proof.

Judgment will be entered herein accordingly.