## LENT *v.* UNITED STATES (No. 420).[1]

FANCY BRASS-PLATED VEST BUTTONS SET WITH IMITATION STONES.

The importation was of buttons made of brass, plated, and some of these were studded with imitation precious stones. To bring these buttons within the provisions of paragraph 448, tariff act of 1909, they should be found to be either dress buttons set with imitation precious stones composed of glass or paste, or brass should compose their value in chief, or they should be designed for personal adornment, and in any of these cases be valued in addition at not less than 20 cents per. dozen. This importation on examination appears to fall within the provisions of paragraph 448, tariff act of 1909, and giving the collector's decision the benefit of the presumption of correctness to which it is entitled, the goods are dutiable under that paragraph.

United States Court of Customs Appeals, April 24, 1911.

APPEAL from a decision of the Board of United States General Appraisers, Abstract 23614 (T. D. 30754).

[Affirmed.]

*Walden & Webster (Henry J. Webster* of counsel) for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

SMITH, Judge, delivered the opinion of the court:

The collector at the port of New York classified certain buttons as dress buttons and assessed them for duty under the provisions of

---

paragraph 448 of the tariff act of 1909, the material parts of which read as follows:

448. Chains, pins, collar, cuff, and *dress buttons*, charms, combs, millinery and military ornaments, together with all other articles of every description, finished or partly finished, if set with imitation precious stones composed of glass or paste (except imitation jet), or composed wholly or in chief value of silver, German silver, white metal, brass, or gun metal, whether or not enameled, washed, covered, plated, or alloyed with gold, silver or nickel, and designed to be worn on apparel or carried on or about or attached to the person, valued at twenty cents per dozen pieces, one cent each and in addition thereto three-fifths of one cent per dozen for each one cent the value exceeds twenty cents per dozen; all stampings and materials of metal (except iron or steel), or of metal set with glass or paste, finished or partly finished, suitable for use in the manufacture of any of the foregoing articles, * * * valued at seventy-two cents per gross, three cents per dozen pieces and in addition thereto one-half of one cent per gross for each one cent the value exceeds seventy-two cents per gross. * * *

The importers objected to the classification and assessment made by the collector, and among other grounds of protest set up that the merchandise was dutiable at three-fourths of 1 cent per line per gross and 15 per cent ad valorem, or at 1½ cents per line per gross and 15 per cent ad valorem, or at 50 per cent ad valorem under paragraph 427, which reads as follows:

427. Buttons or parts of buttons and button molds or blanks, finished or unfinished, shall pay duty at the following rates, the line-button measure being one-fortieth of one inch, namely: Buttons known commercially as agate buttons, metal trousers buttons (except steel), and nickel bar buttons, one-twelfth of one cent per line per gross; buttons of bone, and steel trousers buttons, one-fourth of one cent per line per gross; buttons of pearl or shell, one and one-half cents per line per gross; buttons of horn, vegetable ivory, glass, or metal, not specially provided for in this section, three-fourths of one cent per line per gross, and in addition thereto, on all the foregoing articles in this paragraph, fifteen per centum ad valorem; shoe buttons made of paper, board, papier-mâché, pulp or other similar material, not specially provided for in this section, valued at not exceeding three cents per gross, one cent per gross; snap fasteners, or clasps, or parts thereof, by whatever name known, fifty per centum ad valorem; buttons of metal, embossed with a design, device, pattern, or lettering, forty-five per centum ad valorem; buttons not specially provided for in this section, and all collar or cuff buttons and studs composed wholly of bone, mother-of-pearl, or ivory, fifty per centum ad valorem.

The Board of General Appraisers overruled the protest and the importers appealed to this court. On the hearing before the Board of General Appraisers no evidence was introduced by the importers or by the Government other than the official samples and the usual official documents. The appraiser returned the merchandise as dress buttons valued at over 20 cents per dozen, and in the answer of the deputy appraiser to the protest the goods are reported as "fancy vest buttons made of brass, plated, some of which are studded with imitation precious stones."

To bring the imported articles within the provisions of the paragraph under which they were assessed they must be, first, dress buttons; second, dress buttons either set with imitation precious

stones composed of glass or paste (except imitation jet), or dress buttons composed wholly or in chief value of silver, German silver, white metal, brass, or gun metal; third, they must be designed to be worn on the apparel or carried on or about or attached to the person; and, fourth, they must be valued at not less than 20 cents per dozen pieces.

An examination of the official samples, two in number, discloses that one of the buttons is composed of an imitation moss agate set in a metal frame, about one-half inch in diameter, to which frame is attached a looped metal shank. The other appears to be a button made up of a metal frame about one-half inch in diameter, in which is set a round pearl shell center inclosed by a golden-colored metal ring, which, in its turn, is encircled by a narrow band of black vitreous material divided into eight equal sections by very small bright metallic strips. A looped metal shank is fixed to the metal frame and the pearl-shell center has four imitation button eyes sewed with metal strands. From this inspection we must conclude that both samples are fancy buttons, which, while serving a useful purpose, are designed to embellish the attire and to be worn upon the apparel principally for their ornamental effect.

Paragraph 448 appears to be confined to articles of personal adornment, and it would seem therefore that by "dress buttons" was meant just such buttons as those under consideration. If the term "dress buttons" does not mean a fancy button—a button intended to adorn or ornament the dress—a button designed for something more than mere utility, it is hard to see just what meaning consistent with paragraph 427 could be given to it. If the signification contended for by the importer is given to it, namely, buttons worn on ladies' dresses, then all buttons so worn would become dutiable at a rate different from that of the very same class of button not so worn. With such an interpretation a high-priced, beautifully finished, and very ornamental button appropriate for men's apparel alone would carry a lower rate of duty than a common, ordinary button designed exclusively for women's dresses. When Congress provided for dress buttons we can not believe that it intended to make any such distinction. In our opinion, the buttons which are the subject of appeal are dress buttons designed to be worn on the apparel. Some of them are set with imitation precious stones, and giving to the collector's decision the benefit of the presumption of correctness to which it is entitled all of them are composed in chief value of brass and valued at more than 20 cents per dozen pieces. They are therefore dutiable as assessed, and the decision of the Board of General Appraisers is *affirmed*.

MONTGOMERY, Presiding Judge, and HUNT, BARBER, and DE VRIES, Judges, concur.