### UNITED STATES *v.* AMERICAN EXPRESS Co. (No. 1475).[2]

LONG CHAINS.

> The testimony showed that these long chains, some ornamented and some unornamented, are commonly and commercially known as jewelry. That incidentally, when worn, they serve a useful purpose does not preclude a proper classification as jewelry under paragraph 448, tariff act of 1909.

[1] Reported in T. D. 35340 (28 Treas. Dec., 680).
[2] Reported in T. D. 35341 (28 Treas. Dec., 680).

United States Court of Customs Appeals, April 14, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36557 (T. D. 34789). [Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Leland N. Wood*, special attorney, on the brief), for the United States.

*Comstock & Washburn* (*George J. Puckhafer* on the brief) for appellee.

Before MONTGOMERY, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is represented by six exhibits, numbered 5, 7, 16, 19, and 20, and one numbered both 6 and 2. All are completed long chains, having at one end a ring and at the other a spring hook or ring which may be fastened in the ring at the other end, with one exception (Exhibit 20), from which the plain ring at one end is missing. We judge, however, that chain has been broken and the ring lost. It is treated by counsel as, and we assume it to be, a completed chain.

There is no question that so far as materials and use are concerned these chains are within the provisions of paragraph 448 of the act of 1909, under which they were assessed, the only question being as to the proper rate thereunder.

Exhibit 5 is a black chain ornamented with imitation stones; Exhibit 6–2 and Exhibit 16 are light colored chains ornamented in the same manner; Exhibit 7 is a brass or gold colored chain likewise so ornamented; Exhibits 19 and 20 are of plain black, unornamented.

The merchandise represented by these exhibits was assessed by the collector at a compound rate equivalent to 85 per cent and is claimed by the importers to be dutiable at 60 per cent ad valorem.

Originally some 600 or 700 protests were involved in this case, but by stipulation of counsel the issue is reduced to such merchandise as is represented by the exhibits mentioned.

By "long chain" is meant a chain longer than an ordinary neck chain, and some of these before us are at least long enough to extend around the neck and approximately to the belt of the wearer.

The principal contention of the Government is that these chains are not commonly or commercially known as jewelry, in connection with which it is claimed that in their chief feature they are articles of utility.

After hearing the protests, the Board of General Appraisers found upon testimony that these long chains were and are commonly and commercially known as jewelry. There was evidence that they also served some incidental utilitarian purpose, and we so assume.

Based upon its above finding, the board held that these long chains were dutiable at the rate of 60 per cent ad valorem under paragraph 448 and sustained the protests relating thereto.

The only evidence offered as to commercial designation was introduced on behalf of the importers. It was given by witnesses apparently qualified to testify upon that subject. While the Government attacks the veracity and credibility of these witnesses, we do not feel warranted, by reason of anything of record, to say that upon their evidence and the exhibits (and both have been carefully examined) the board was not justified in its finding that these long chains are both commonly and commercially known as jewelry. The witnesses testified before the board. It had opportunity to observe their appearance, which is often of much aid in deciding whether or not a witness is truthful; and it has found consistently therewith. We find nothing in the record that justifies us in reversing such finding. Indeed, as to all the exhibits except 19 and 20 we think their appearance, ornamented as they are, would suggest that they were commonly known as jewelry, while as to exhibits 19 and 20 the evidence is explicit that they, as well as the others, are commercially so known.

The fact that these chains serve some incidental utilitarian purpose is not conclusive against their classification as jewelry.

It was said by DeVries, Judge, speaking for this court in United States *v.* International Forwarding Co. (6 Ct. Cust. Appls., 25; T. D. 35272), handed down on the 25th ultimo, that—

Common observation teaches that more often than not jewelry is constituted of some ornamental article of utility. The test, therefore, offered by the Government that an article which possesses any degree of utility can not be regarded as jewelry is not sound and can not be upheld.

The importers here do not claim that any muff chains, fan chains, lorgnette chains, key chains, or any unfinished chains involved in these protests are jewelry and deny that any of the merchandise represented by the exhibits before us are such chains; hence no question as to their classification is before us.

The last part of paragraph 448 provides that "all articles commonly or commercially known as jewelry" shall be dutiable at 60 per cent ad valorem.

We have exhaustively reviewed this and other provisions of the paragraph in United States *v.* Guthman (3 Ct. Cust. Appls., 276; T. D. 32572), United States *v.* Goldberg's Sons (3 Ct. Cust. Appls., 282; T. D. 32573), Guthman *v.* United States (3 Ct. Cust. Appls., 286; T. D. 32574), Cohn *v.* United States (4 Ct. Cust. Appls., 378; T. D. 33536), and deem it unnecessary to do so here.

The Board of General Appraisers in this case has applied the paragraph consistently with those decisions and its judgment is *affirmed.*

SMITH, Associate Judge, did not participate in the hearing or decision of this case.