UNITED STATES *v.* WITTNAUER Co. (No. 1885).[1]

WATCH BRACELETS.

Wristlets or straps for holding wrist watches are not articles worn on the person for comfort, convenience, or adornment, nor are they parts of any such article or like any such article made dutiable under paragraph 356. tariff act of 1913, because so worn.   They are separate entities just as belts are, and, being in chief value of metal, are classifiable under paragraph 167 as miscellaneous articles in chief value of metal.

United States Court of Customs Appeals, April 30, 1918.

APPEAL from Board of United States General Appraisers, Abstract 40386.

[Affirmed.]

[1] T. D. 37628 (34 Treas. Dec., 408).

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

*Sharretts, Coe & Hillis* for appellee.

[Oral argument Apr. 17, 1918, by Mr. Lawrence and Mr. Sharretts.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges

DE VRIES, Judge, delivered the opinion of the court:

These importations are of wristlets or straps for holding wrist watches. This appeal concerns only such as have metal buckles and are in chief value of metal, the minor portion being of leather, silk, or leather and silk. The Board of General Appraisers after reviewing the testimony concluded, "It is shown beyond contradiction that in their present form they are practically useless as a matter of utility. They would not be worn around the wrist, unless attached to a watch." Obviously alone they would subserve no purpose of either utility or adornment.

The pertinent tariff provision is paragraph 356, tariff act of 1913, reading:

356. Jewelry, commonly or commercially so known, valued above 20 cents per dozen pieces, 60 per centum ad valorem; rope, curb, cable, and fancy patterns of chain not exceeding one-half inch in diameter, width, or thickness, valued above 30 cents per yard; and articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semiprecious stones, pearls, cameos, coral, or amber, or with imitation precious stones or imitation pearls, 60 per centum ad valorem. Stampings, galleries, mesh and other materials of metal, whether or not set with glass or paste, finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, 50 per centum ad valorem.

The importations were assessed by the collector under the first part thereof as "Jewelry." It is here not seriously insisted that the articles are dutiable as jewelry. The contention here made and contested is that the appropriate provision of said paragraph for their classification is the part thereof reading:

356. * * * Articles valued above twenty cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, * * *.

The board held the articles dutiable under the provisions of paragraph 167 of said act as articles in chief value of metal.

It is conceded that the importations are valued at over 20 cents per dozen pieces. They, however, are not of any one of the above statutory enumerations. Neither are they a part of any one such. Nor is it satisfactorily pointed out that they are like any one of the above enumerated articles in any controlling particular, in that all of the foregoing enumerated articles are per se worn to subserve some purpose of personal comfort, convenience, or adornment, whereas, these articles are not so worn but to hold in place another article so worn. That article, however, is not one of those so enumerated by Congress in paragraph 356, but, another and different article, to wit, a watch, expressly made dutiable in another paragraph of the tariff act, to wit, 161. These articles, therefore, are not articles worn on the person for comfort, convenience, or adornment, nor are they parts of any such article made dutiable because so worn under paragraph 356. If they might be deemed "parts," they are "parts of watches" expressly made dutiable under paragraph 161 of the current act and not parts of any of the articles enumerated in paragraph 356.

We think, however, they are separate entities the same as belts, and, as such, dutiable as claimed by the importers herein as "manufactures in chief value of metal," paragraph 167.

*Affirmed.*