UNITED STATES *v.* STRASBURGER & Co. (No. 1945).[1]

1. WATCH MOVEMENTS AND CASES.

Where watches and wrist straps for them were imported together but packed separately, a concession that the movements were properly held dutiable eo nomine under paragraph 161, tariff act of 1913, carries with it a concession that the cases were also properly held dutiable eo nomine under the same paragraph.

2. WATCH BRACELETS.

Wristlets or straps for holding wrist watches, in chief value of metal, are classifiable, not under paragraph 356, tariff act of 1913, as articles worn on the person for comfort, convenience, or adornment, as like articles, or as parts of such articles or like articles, but under paragraph 167 as miscellaneous articles in chief value of metal.—United States *v.* Strasburger & Co. (8 Ct. Cust. Appls., 376; T. D. 37630); United States *v.* Wittnauer Co. (8 Ct. Cust. Appls., 370; T. D. 37628).

United States Court of Customs Appeals, April 1, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42579.

[Affirmed.]

---

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

*Curie, Smith & Maxwell* (*Thos. M. Lane* of counsel) for appellees.

[Oral argument Jan. 16, 1919, by Mr. Hanson and Mr. Lane.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal brings to this court for decision the appropriate import tariff classification of merchandise the entire importation of which is described by the Board of General Appraisers in their decision thereupon as (1) gold or silver wrist watches and leather straps with silver or gold buckles intended for use with such watches, but packed separately therefrom; and (2) leather straps for wrist watches with silver buckles, imported without the watches. Of the former the watch movements were assessed at 30 per cent ad valorem under paragraph 161 and the watch cases with leather straps at 60 per cent ad valorem under paragraph 356, tariff act of 1913, as jewelry entireties. The leather straps for wrist watches with gold and silver buckles were classified as articles in chief value of metal designed to be worn on or about the person at 60 per cent ad valorem under said paragraph 356. The protestant claims the watch cases dutiable as "watch cases" eo nomine under paragraph 161, and the straps with gold or silver buckles under paragraph 167 of said act as articles wholly or in part of such metals. The board sustained these contentions of the importers and the Government appeals.

The pertinent parts of the cited paragraphs may be quoted as follows:

161. Watch movements, whether imported in cases or not, watch cases and parts of watches, * * * not otherwise provided for in this section, whether separately packed or otherwise, * * * 30 per centum ad valorem; * * *.

167. Articles or wares not specially provided for in this section, if composed wholly or in part of platinum, gold, or silver, and articles or wares plated with gold or silver, and whether partly or wholly manufactured, 50 per centum ad valorem; * * *.

356. Jewelry, commonly or commercially so known, valued above 20 cents per dozen pieces, 60 per centum ad valorem; rope, curb, cable, and fancy patterns of chain not exceeding one-half inch in diameter, width, or thickness, valued above 30 cents per yard; and articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags, and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semiprecious stones, pearls, cameos, coral, or amber, or with imitation precious stones or imitation pearls, 60 per centum ad valorem * * *.

It will be borne in mind that this appeal relates only to the watch cases and straps with gold or silver buckles. The logic of the con-

cession that the watch movements are dutiable under paragraph 161 likewise classifies the watch cases thereunder. This question seems too clear to warrant discussion. The record concedes that these straps are identical with those before this court in United States v. Strasburger & Co. (8 Ct. Cust. Appls., 376; T. D. 37630). The reasoning supporting that decision was set forth in United States v. Wittnauer Co. (8 Ct. Cust. Appls., 370; T. D. 37628), wherein we said of similar articles:

> It is conceded that the importations are valued at over 20 cents per dozen pieces. They, however, are not of any one of the above statutory enumerations. Neither are they a part of any one such. Nor is it satisfactorily pointed out that they are like any one of the above-enumerated articles in any controlling particular, in that all of the foregoing enumerated articles are, per se, worn to subserve some purpose of personal comfort, convenience, or adornment, whereas these articles are not so worn but to hold in place another article so worn. That article, however, is not one of those so enumerated by Congress in paragraph 356, but, another and different article, to wit, a watch, expressly made dutiable under another paragraph of the tariff act, to wit, 161. These articles, therefore, are not articles worn on the person for comfort, convenience, or adornment, nor are they parts of any such article made dutiable because so worn under paragraph 356. If they might be deemed "parts" they are "parts of watches" expressly made dutiable under paragraph 161 of the current act and not parts of any of the articles enumerated in paragraph 356.

Nor are they parts of watches. A watch chain or wrist strap for holding the watch upon the wrist is no more a part of a watch than is the halter that holds a horse in his stall or the collar and harness that engages the horse in its work to the implement employed a part of the horse. Nor do the decisions cited by counsel support that claim. They relate to some integral part of the watch mechanism or construction, per se, which is far from the case with the chain or wristband which simply holds this otherwise completed mechanism in a convenient position for use.

*Affirmed.*