(C. D. 1288)

B. BLUMENTHAL & CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 19, 1950)

*John D. Rode* for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Joseph E. Weil* and *John J. McDermott*, special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Chief Judge: The merchandise at bar, imported from Czechoslovakia, is described on the invoice as "fancy metal buttons." They were assessed for duty at rates equivalent to 110 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930 as "Articles valued above 20 cents per dozen pieces designed to be worn on apparel * * * such as and including * * * dress buttons * * * composed wholly or in chief value of metal." The plaintiff has duly filed a protest claiming these buttons to be properly dutiable under the provisions of paragraph 349 of the Tariff Act of 1930 at 45 per centum ad valorem as "* * * metal buttons embossed with a design, device, pattern, or lettering."

Upon the trial of this issue no oral evidence was introduced, the case being submitted for decision upon a stipulation between counsel

(1)

"that the merchandise consists of metal dress buttons; that the metal part is embossed; that they are also set with imitation semi-precious stones, and that metal is the component material of chief value." While the stipulation does not so state, it may be assumed from the collector's classification that these buttons are valued at more than 20 cents per dozen pieces. There are also before us official samples of the buttons in question (plaintiff's collective exhibit 1, two buttons which are identical).

The sample in evidence is a metal button approximately ¾" in diameter and ½" in depth. The upper portion of the button consists of a dome-shaped circle of embossed metal, in the center of which is mounted an imitation semiprecious stone, measuring approximately ⅜" in diameter. This upper embossed portion is clinched around and fastened to a metal base, the rear of which has a protuberance with an opening stamped in both sides through which a thread or other fastener may be readily passed to fasten or attach the article to a garment. There is little doubt that in the absence of the imitation semiprecious stones mounted in these buttons, that the buttons themselves would be clearly dutiable under the *eo nomine* provision for embossed buttons in paragraph 349, *supra*.

The provision for "metal buttons embossed with a design, device, pattern, or lettering," contained in paragraph 349 of the Tariff Act of 1930, first appeared in paragraph 427 of the Tariff Act of 1909. This provision was omitted from the successor paragraph 151 of the Tariff Act of 1913 but was restored and made a part of paragraph 349 of the Tariff Act of 1922 and was carried forward as one of the provisions of paragraph 349 of the present act. That this provision covered embossed military uniform dress buttons was determined by this court in *J. R. Gaunt & Son (Inc.) et al.* v. *United States*, 50 Treas. Dec. 271, T. D. 41784, affirmed in *United States* v. *Gaunt & Sons et al.*, 15 Ct. Cust. Appls. 94, T. D. 42183. That this provision for embossed metal buttons is not, however, confined to military buttons is made clear in our decision in *Bailey, Green & Elger, Inc.* v. *United States*, 8 Cust. Ct. 511, Abstract 47149, affirmed in *United States* v. *Bailey, Green & Elger, Inc.*, 30 C. C. P. A. 228, C. A. D. 237. The merchandise there involved consisted of flat, circular, metal buttons, approximately 1⅛" in diameter, with a loop on the reverse side for fastening to a garment. The buttons were embossed with a design or lettering simulating Roman coins. We there held such buttons to be properly dutiable under the provision for "metal buttons embossed with a design, device, pattern, or lettering" under paragraph 349 of the Tariff Act of 1930, as claimed, rather than as dress buttons, as assessed under paragraph 1527 (c) (2). In the concluding paragraph of its opinion, affirming the decision of this court, our appellate court said:

As the Congress was fully informed at the time of the enactment of paragraph 349 of the Tariff Act of 1930 that metal buttons embossed with a *design, device, pattern,* or *lettering* were ornamental in character, that they were dress buttons, and that they belonged to a particular class of dress buttons, and as it refused to accept the suggested amendment, as hereinbefore stated, that the provision for metal buttons "embossed with a design, device, pattern, or lettering" be limited to such embossed buttons as were valued at not more than 20 cents per dozen pieces, we are of opinion that the Congress intended that embossed dress buttons of the kind here involved should be dutiable under that provision. [Italics quoted.]

Our attention has been directed to the decision of our appellate court in *Lent* v. *United States,* 1 Ct. Cust. Appls. 542, T. D. 31549. It was there held that certain fancy vest buttons set with imitation precious stones were properly dutiable under paragraph 448 of the Tariff Act of 1909 (the predecessor of the present paragraph 1527), rather than under the provision of paragraph 427 of the same act covering metal buttons. This case is not controlling on the present issue. In the *Lent* case, *supra,* the issue did not involve the provision for embossed buttons but was between the metal-button provision of paragraph 427 and the dress-button provision in paragraph 448 of the 1909 act. Moreover, paragraph 448 of the 1909 act contained a provision "*  *  * whether or not denominatively or otherwise provided for in any other paragraph of this Act  *  *  *." This provision has been omitted from paragraph 1527 of the present act.

The articles here before us are concededly metal buttons "embossed with a design, device, pattern, or lettering." The sole question is whether or not the fact that an imitation semiprecious stone is set or mounted on top of the button changes its tariff classification from its status as an embossed button and removes it from the provision of paragraph 349 and places it in paragraph 1527.

To be dutiable as a metal button, the article need not be entirely of metal, provided it is in chief value of metal, i. e., is a metal button (*Buss & Co.* v. *United States,* 6 Ct. Cust. Appls. 192, T. D. 35441).

We find the provision for "buttons embossed with a design, device, pattern, or lettering" contained in paragraph 349 to be more specific than the provision for articles "designed to be worn on apparel  *  *  * such as and including  *  *  * dress buttons" in paragraph 1527 (c). We also find that the articles before us are concededly embossed metal buttons. We further find and hold that the addition of the imitation semiprecious stone to the button, while it is decorative, does not alter its dutiable status as an embossed button.

For the reasons hereinbefore stated, the classification of the collector is overruled and the protest claim of the plaintiff is sustained. Accordingly, we hold the merchandise before us properly dutiable under paragraph 349 of the Tariff Act of 1930 at the rate of 45 per centum ad valorem, as claimed. Judgment will be rendered accordingly.