UNITED STATES *v.* ASTRA TRADING CORP. (No. 4869) [1]

[1] C. A. D. 627.

United States Court of Customs and Patent Appeals, November 30, 1956

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Mollie Strum*, trial attorney, of counsel), for the United States.

*Sharretts, Paley & Carter* (*Joseph F. Donohue* of counsel) for appellee.

*Lamb & Lerch* (*David A. Golden* of counsel) *amici curiae*.

[Oral argument October 3, 1956, by Mr. FitzGibbon, Mr. Donohue, and Mr. Golden]

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, COLE, and RICH, Associate Judges

JOHNSON, Chief Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, entered pursuant to its decision (C. D. 1754), one judge dissenting, sustaining protests on behalf of the importer against the collector's classification and duty assessment of merchandise, described on the invoices as "expansion watch bands" or "expansion wrist watchbands," at 65 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by the Presidential proclamation carrying out the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by the Presidential proclamation reported in T. D. 51898.

The pertinent portion of this paragraph, as modified, reads as follows:

Par. 1527. * * *

\* \* \* \* \* \* \*

(c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished:

\* \* \* \* \* \* \*

(2) composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semiprecious stones, pearls, cameos, coral, amber, imitation precious or semiprecious stones, or imitation pearls * * *.

Appellee claimed the merchandise to be properly dutiable at the rate of 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the said Presidential proclamation carry-

ing out the General Agreement on Tariffs and Trade, T. D. 51802, which, insofar as pertinent, reads:

Par. 397. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, * * *.

With respect to the merchandise at bar, the following facts were stipulated:

(1) That the articles involved are composed of either steel or brass, or a combination of both;

(2) That they are of spring link construction, permitting them to be expanded and passed over the hand and then to contract to fit snugly on the wrist, when used to hold a watch in place;

(3) That they are designed for and are used to be attached to a wristwatch to hold the watch in place on the wrist;

(4) That, as imported, they are not plated with platinum, gold, or silver, or colored with gold lacquer;

(5) That they are valued at over 20 cents per dozen pieces; and

(6) That the question of commercial designation has no application in the present case.

Since appellee, during the course of the trial, abandoned its claims as to such of the imported merchandise as consisted of "items that are stainless steel top shell as well as back," we are here concerned only with that portion of the merchandise which responds to the following description (we quote from the majority opinion of the court below):

* * * They are a common and familiar type of expansion watch band or bracelet.[1] A representative sample of the merchandise before us shows that it has spring link construction so designed that, after having been attached to a wristwatch, it will expand to slip over the hand of the wearer and then contract to hold the watch firmly in place on the wrist. Each link has a back, the part closest to the skin when the article is worn, and a top, the part which is uppermost and exposed when the article is worn, together with suitable fittings or fastenings at the ends to enable the article to be secured to the watch.

The backs of the articles in issue are in some cases of brass and in others of steel. The tops of all the articles in issue are brass, in some cases chromium plated, but, in the main, are raw or unplated or uncovered brass. It is quite obviously a cheaply constructed article. * * *

The record further indicates that the top portion of the bracelets are designed with facets, angles and grooves so as to impart some degree of ornamentality to them.

The foregoing description of the watch bracelets at bar leaves no doubt as to the fact that, were said bracelets not more specifically

---

[1] [Appellee's] counsel maintains the position that the articles are not within the common meaning of the term "watch bracelets." No effort was made in the case before us, however, to develop either facts or argument in support of that position. The term "watch bracelets," * * * has been in the past broadly applied with reference to articles used to hold a wristwatch to the wearer's wrist, and there is evidence in the case at bar that it is used interchangeably with the term "watch bands" to describe merchandise such as that here involved.

provided for elsewhere in the Tariff Act, they would be dutiable under the provisions of paragraph 397.

The principle is too well established for the citation of references that, in determining the classification of goods, an *eo nomine* designation must, unless a legislative intent to the contrary is clearly indicated, be preferred to terms of general description and to enumerations which are broader in scope and less specific.

Thus, if the here involved watch bracelets are such bracelets as are contemplated by the *eo nomine* provision for "watch bracelets" in paragraph 1527, said bracelets must be classified under that paragraph rather than under paragraph 397.

Language similar to the here involved portion of paragraph 1527 first appeared in paragraph 448 of the tariff act of 1909, which, insofar as pertinent, reads as follows:

Chains, pins, collar, cuff, and dress buttons, charms, combs, millinery and military ornaments, together with all other articles of every description, * * * and designed to be worn on apparel or carried on or about or attached to the person * * *.

Since the enumerated exemplars were either wholly ornamental or, at best, partially ornamental and partially utilitarian, it was held that only articles of personal adornment, i. e., those articles which were primarily *ornamental*, as distinguished from *utilitarian*, were within the purview of the aforestated portion of said paragraph. *Lent* v. *United States*, 1 Ct. Cust. Appls. 542, T. D. 31549.

Except for the addition of 14 exemplars to those enumerated in paragraph 448, paragraph 356 of the tariff act of 1913, which paragraph was the successor to paragraph 448, contained language which did not significantly differ from that employed in the former paragraph. The pertinent portion of paragraph 356 provided for:

* * * articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; * * *

The foregoing paragraph was considered in the case of *Gallagher & Ascher* v. *United States*, 6 Ct. Cust. Appls. 105, T. D. 35343, which involved "prorepel" lead pencils. These pencils were made entirely of metal, some of which had imitation precious stones set in their top ends, and were so designed that the lead was held by a small cylinder which telescoped into and out of a larger cylinder. Referring to the provision for articles "designed to be worn on apparel or carried on or about or attached to the person," the court stated:

* * * By that provision a duty is imposed upon articles of a certain value composed of metal, which are designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, etc. *The*

*controlling question in this provision, outside of the question of value and material, seems to be whether the articles in question are designed to be worn on apparel or carried on or about or attached to the person in the same manner as are the enumerated articles and like articles when in their customary use.* If the assessed articles do not resemble the enumerated ones in that particular, then they would not fall within the present provision, whatever might be their resemblance to the exemplar articles or some of them in any other particular. On the other hand, if the assessed articles are similar to the prescribed exemplars in respect to the manner in which they are worn or customarily carried upon the person, then the resemblance is sufficient to satisfy the terms of the provision. The rule of *ejusdem generis* is thus limited by the paragraph to the single controlling resemblance just defined.

It may be observed that the articles which are enumerated in the disputed provision are numerous and in some respects diverse. Some of them are wholly ornamental in character, for example, 'vanity cases' and 'millinery ornaments'; some are wholly utilitarian, for example, 'cigar cutters' and 'match boxes'; some may be both ornamental and useful, for example, 'chains' and 'cuff buttons.' In one particular, however, they are all alike, and that is that in their customary use they are all carried upon the person of the user, not for warmth or protection like clothing, but rather as incidental articles of mere personal comfort, convenience, or adornment. This characteristic belongs also to the metal pencils now in question, and brings them within the provision for 'like articles,' which follows the list of enumerated articles in the paragraph.

It is thus clear that, due to the presence of the 14 new exemplars in paragraph 356, some of which were *wholly utilitarian*, the competition between ornamental and utilitarian articles announced in the *Lent* case, *supra*, was abandoned and a new test substituted therefor, i. e., whether or not the articles were "incidental articles of mere personal comfort, convenience or adornment."

This interpretation was approved and extended in the case of *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079, which involved brass saber chains which were an essential part of the equipment of military officers and which were used to attach a saber scabbard to an officer's belt. In construing paragraph 1428 of the Tariff Act of 1922 which, for the purposes of this opinion, was a substantial duplicate of paragraph 356 of the tariff act of 1913, the court held that since the requirement set forth in the *Gallagher* case, *supra*, that the articles must be incidental articles of mere personal comfort, convenience or adornment, extended to those articles not *eo nomine* provided for within the involved paragraph, it followed that those *eo nomine* provided for must answer to the same description.

It then concluded that since the chains in question were vocational articles and *essential* to the equipment to which they were attached, they were not incidental articles of mere personal comfort, convenience or adornment, despite the fact that "chains" were *eo nomine* provided for in paragraph 1428.

Using the weight and authority of the *Gallagher* and *Horstmann* cases, *supra*, pedometers, which were used by employees of railroad

or telephone companies in laying out posts or by land companies in measuring plots of land, were held to be vocational articles and without the provisions of paragraph 356, *United States* v. *Sussfeld, Lorsch & Co.*, 7 Ct. Cust. Appls. 126, T. D. 36454, as were military dress buttons held to be without the purview of paragraph 1428 as vocational articles, *United States* v. *Gaunt & Sons et al.*, 15 Ct. Cust. Appls. 94, T. D. 42183.

As well, shoe buckles which were designed to bind the shoes to which they were attached and to take the place of shoelaces were held by this court not to be within paragraph 1527 of the Tariff Act of 1930 (which, except for the addition of two exemplars whose significance will be discussed, *infra*, was a substantial reenactment of the corresponding provisions of paragraph 1428 of the Tariff Act of 1922) since they were not "incidental articles of mere personal comfort, convenience, or adornment" but, rather, *necessary* adjuncts to the shoe, though buckles were *eo nomine* designated in the involved paragraph. *Weyenberg Shoe Mfg. Co.* v. *United States*, 38 C. C. P. A. (Customs) 122, C. A. D. 448.

In four cases concerning watch bracelets, it was held that watch bracelets were without paragraph 356 of the tariff act of 1913 since they were *necessary* adjuncts to the watches which they supported. *United States* v. *Wittnauer Co.*, 8 Ct. Cust. Appls. 370, T. D. 37628; *United States* v. *Strasburger & Co.*, 8 Ct. Cust. Appls. 376, T. D. 37630; *United States* v. *Strasburger & Co.*, 9 Ct. Cust. Appls. 138, T. D. 37982; *United States* v. *European Watch & Clock Co.*, 11 Ct. Cust. Appls. 363, T. D. 39160. That paragraph, of course, contained no *eo nomine* provision for watch bracelets.

In 1930, with these decisions before it, Congress saw fit to reenact paragraph 1428 in substantially the same language, adding to the 23 exemplars listed therein, cigar lighters and *watch bracelets*.

Appellee contends that Congress, by the addition of "watch bracelets" to the enumerated exemplars, did not intend to alter the existing construction given to the predecessor paragraphs of paragraph 1527 by the *Gallagher* and *Horstmann* cases, *supra*; that the provision for "watch bracelets," in accordance with the construction given its companion exemplars in the predecessor provisions, is not an unrestricted *eo nomine* provision but a qualified one; that only those watch bracelets which are "incidental articles of mere comfort, convenience, or adornment," as distinguished from those of *necessity*, are included.

Since watches are worn as a matter of necessity by most people today, appellee continues, only those watch bracelets which, by their high styling, the use of precious metals or precious or semiprecious stones, are predominantly incidental articles of mere personal comfort, convenience, or adornment (in contradistinction to cheap, unadorned

bracelets, which would necessarily be predominantly articles of necessity, performing only the necessary function of supporting watches) are contemplated by the provision for "watch bracelets" in paragraph 1527.

Appellant, on the other hand, contends that Congress, with the aforementioned decisions before it, intended that *all* watch bracelets are to be included within paragraph 1527.

With that portion of appellee's argument which concerns itself with Congressional intent to ratify the judicial interpretations given to the predecessor paragraphs of paragraph 1527, we agree.

It is well established that repeated reenactments in identical terms of a tariff provision, and without a substantial change in context, after the same has been construed in an authoritative decision, will be accepted as legislative approval of the construction contained in that decision, *United States* v. *E. Dillingham, Inc.*, 41 C. C. P. A. (Customs) 221, C. A. D. 555, unless a contrary legislative intent clearly appears, *United States* v. *Kawahara*, 15 Ct. Cust. Appls. 231, T. D. 42242.

Congress having reenacted paragraph 1428 in substantially the same language, we are not of the opinion that the addition to the enumerated exemplars of the two additional exemplars is such a modification or an indication of a contrary legislative intent as to take this case out of the general rule.

But we cannot accept appellee's contention that only watch bracelets which are predominantly ornamental as distinguished from those which are primarily utilitarian were intended by Congress to be included within the involved paragraph.

As has been heretofore discussed, the long train of decisions prior to the enactment of the Tariff Act of 1930, with the *Gallagher* and *Horstmann* cases, *supra*, at their forefront, established that, in addition to the requirements of value and construction, articles, to be dutiable under the provisions of the involved paragraph must be "incidental articles of mere personal comfort, convenience, or adornment." The question is not one of *utility* versus *adornment*, as appellee would contend, and has not been since paragraph 448 of the tariff act of 1909 was modified by the addition of 14 exemplars.

With the *Wittnauer* and associated watch bracelet cases, as well as the judicial construction provided by the *Gallagher* and *Horstmann* cases, *supra*, before it, Congress added "watch bracelets," which had hitherto been considered articles which were necessary adjuncts to the watches to which they were attached, to the enumerated exemplars of paragraph 1428 of the Tariff Act of 1922. By this act, Congress severed watch bracelets, for duty purposes, from the watches they supported and stated, by implication, that said brace-

lets were not articles of necessity, but rather, "incidental articles of mere personal comfort, convenience, or adornment."

Only the factors of value and material of construction need be further considered to determine their classification under paragraph 1527.

Our conclusion is strengthened by yet another consideration.

To grant appellee's claim would require a holding that cheap, metal watch bracelets, such as those imported, though unquestionably ornamental in the sense that they have facets, angles and grooves on their top shells, could *never* be dutiable under paragraph 1527 since their utilitarian features outweight their ornamental features and thus they are primarily articles of necessity.

This, in effect, would be tantamount to a holding that *cheap* articles, valued at 20 cents per dozen pieces and *composed wholly or in chief value of metal other than gold or platinum* (and not embellished with precious or semiprecious stones) could *never* be dutiable under this paragraph for, using appellee's reasoning, their utilitarian features would *always* predominate over their ornamental features.

Thus, this court would have to hold that, *as to watch bracelets*, the portion of paragraph 1527 which provides, "* * * valued above 20 cents per dozen pieces * * *" and "* * * composed wholly or in chief value of metal other than gold or platinum * * *" is of no effect or meaning and is mere surplusage. Such a conclusion would be inimical to the basic rules of statutory construction and would be contrary to the holdings of this court. *Carey & Skinner, Inc.* v. *United States*, 42 C. C. P. A. (Customs) 86, C. A. D. 576.

In the view we take of this case, it is unnecessary to consider the other questions raised by the parties in suit.

The decision of the Customs Court is hereby *reversed*.

Cole, J., was present at the argument of this case, but, because of illness, did not participate in the decision.