BEFORE THE FIRST DIVISION, JULY 31, 1957

**No. 61094.**—Forstner Chain Corp. and Charles A. Redden, Inc. *v.* United States, protest 273013–K (New York).

OLIVER, Chief Judge: This protest relates to certain so-called spring rings, 18 millimeters in diameter, which were assessed with duty at the rate of 65 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, as parts of articles, designed to be carried on or about or attached to the person. Paragraph 1527 (c) (2), as modified, *supra,* so far as pertinent, reads as follows:

Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, * * * and like articles; all the foregoing and parts thereof (except parts valued at less than 20 cents per dozen pieces), finished or unfinished:

Composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum_____ 40% ad val.

Composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), * * *:

\*     \*     \*     \*     \*     \*     \*

Valued at not above $5 per dozen pieces or parts:

\*     \*     \*     \*     \*     \*     \*

Other articles and parts (except cigar and cigarette lighters and parts thereof and mesh bags and parts thereof)_____ 65% ad val.

Plaintiffs claim that the articles in question are parts of jewelry and, therefore, urge classification under the provision in paragraph 1527 (a) (2), as modified by T. D. 51802, reading as follows:

Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof):

\*     \*     \*     \*     \*     \*     \*

All other, of whatever material composed, valued above 20 cents per dozen pieces_____ 55% ad val., * * *.

It is agreed between the parties that the spring rings in question are valued at more than 20 cents per dozen pieces, that they are composed of metal, and that they are parts of key chains. Hence, the primary question before us is whether the key chains of which the imported spring rings are an integral part, are jewelry, as claimed, or are within the class of articles contemplated by the provisions of paragraph 1527 (c) (2), as modified, *supra,* invoked by the collector.

One witness testified. He is an officer of the Forstner Chain Corp., the importer of the merchandise under consideration. He identified a sample of these spring rings (plaintiffs' exhibit 1). It consists of a circular ring, 18 millimeters in diameter and fitted with a spring or snap that can be opened to permit attachment of the chain. In its imported condition, the spring ring is "brass; not plated." After importation, it is subjected to an electroplating process that brings it to the condition in which it is exclusively used as an essential part of a key chain. The balance of the key chain, consisting of the chain and the keyholder, is subjected to a separate electroplating process and then the plated spring ring is attached to the plated chain with keyholder to complete the finished entity. The key chains, in which the imported spring rings are used, are made in different patterns

or styles of chain, described by the witness as snake chain, Figaro chain, curb chain, cable chain, Pomona chain, and rope chain. All are metal, and they range from ordinary nickel plating to precious metal plating. Two samples of finished key chains are in evidence. Each is approximately 16 inches long, with the key-holder at one end and the imported spring ring at the other. One of them is made of "square snake chain" that is "rhodium-plated, a derivative from platinum" (plaintiffs' exhibit 2). The other is ropelike chain, which the witness identified as "Figaro chain" that is, gold plated (plaintiffs' exhibit 3). Describing the use of these key chains, the witness explained that the spring ring is attached to a belt-loop of trousers and the chain, with the keyholder permanently secured, extends into the pocket of the wearer. The witness testified that his firm sold key chains, like those in evidence (plaintiffs' exhibits 2 and 3, *supra*) to "wholesale jewelers, jewelry departments in department stores and gift shops carrying jewelry" (R. 7). After stating that he considered jewelry to be "anything worn as adornment," he concluded his testimony on direct examination by saying that, in his opinion, all key chains using the spring ring in question (exhibit 1, *supra*) are jewelry.

On cross-examination, the witness admitted that key chains, such as those in evidence (plaintiffs' exhibits 2 and 3, *supra*), are articles, designed to be worn on apparel or carried on, or attached to the person, and that they are articles of personal comfort, convenience, and adornment.

In the case of *United States* v. *Kastor & Bros.*, 15 Ct. Cust. Appls. 118, T. D. 42191, our appellate court held certain key chains, substantially the same as those under discussion, to be properly classifiable as articles, designed to be worn on apparel or carried on or about or attached to the person. In reaching its conclusion, the court stated as follows:

* * * The key chains in controversy are designed to be worn on apparel or carried on or about or attached to the person. They are "chains"; they are not only named in the paragraph but they are *ejusdem generis* with the other articles named; they are valued above 20 cents per dozen pieces; and they are composed of metal. We think they are more aptly and specifically described in the above-quoted provision of paragraph 1428 [predecessor paragraph in the Tariff Act of 1922 to paragraph 1527 (c) (2), as modified, *supra*, involved herein] than elsewhere, and were properly assessed by the collector.

The foregoing quotation has equal application, with the same force and effect, to the issue in this case. The admission by plaintiffs' witness that key chains, of which the imported snap rings are a part, are designed to be carried on or about or attached to the person, as articles of personal comfort, convenience, and adornment, bring these key chains squarely within the provisions of modified paragraph 1527 (c) (2), *supra*, under *Gallagher & Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T. D. 35343, and *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079. Those two cases are recognized authorities on the judicial interpretation of the provision for "Articles * * * designed to be worn on apparel or carried on or about or attached to the person, such as and including * * * chains, * * * and like articles; all the foregoing and parts thereof, finished or unfinished: * * *," paragraph 1527 (c) of the Tariff Act of 1930. The statutory construction applied in the cited cases makes the said provision in paragraph 1527 (c) applicable to articles of "utility or of adornment, or they may possess both of these qualities," the *Horstmann Co.* case, and which "are carried upon the person of the user, not for warmth or protection like clothing, but rather as incidental articles of mere personal comfort, convenience, or adornment," the *Gallagher & Ascher et al.* case. See also the recent decision of the United States Court of Customs and Patent Appeals in *United States* v. *Astra Trading Corp.*, 44 C. C. P. A. (Customs) 8, C. A. D. 627. Under the cited authorities, key

chains, of the kind or type discussed herein, are within the class of articles included within the provisions of paragraph 1527 (c), *supra*, and, since it is conceded that the snap rings in question are parts of such key chains, they are, therefore, properly classifiable under paragraph 1527 (c) (2), as modified, *supra*, as assessed by the collector.

The statement by plaintiffs' witness that all key chains are jewelry is acceptable merely as his personal opinion, which, in the light of the cited decisions of our appellate court, has no influence, and is of no consequence, in determining the issue before us. That some of these key chains are plated with precious metals, offers no reason to exclude them, or their parts, from classification under paragraph 1527 (c) (2), as modified, *supra*, which provides for articles, composed of precious metals, as well as other metals.

Plaintiffs' counsel, arguing to support the claim for classification as parts of jewelry, cited the cases of *United States* v. *International Forwarding Co.*, 6 Ct. Cust. Appls. 25, T. D. 35272, and *United States* v. *American Express Co.*, 6 Ct. Cust. Appls. 97, T. D. 35341. Neither of those cases has application herein. Both involved paragraph 448 of the Tariff Act of 1909, whose statutory provisions and judicial interpretation thereof—*C. H. Hanson* v. *United States*, 20 Treas. Dec. 384, G. A. 7179, T. D. 31348, and *Lent* v. *United States*, 1 Ct. Cust. Appls. 542, T. D. 31549—materially differed from those of paragraph 1527 (c) (2), as modified, *supra*, as enunciated in the *Gallagher & Ascher et al.* and *Horstmann Co.* cases, *supra*, and that are controlling herein.

On the basis of the record herein—oral testimony as well as samples—and for all of the reasons hereinabove set forth, the protest is overruled, and judgment will be rendered accordingly.